UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

TONI FLOYD and CHERI NICHOLSON

On behalf of themselves and all those similarly situated

                                       Plaintiffs,        Civil Action No. 3:21-cv-58-DJH

v.                                                 **CLASS ACTION COMPLAINT**

ANNE HAYNIE, in her official capacity as Chief Judge of the Jefferson County District Court
                                        Defendant.

## Introduction

1. The Fourteenth Amendment of the U.S. Constitution prevents states from taking people's property without first giving them due process—notice and an opportunity to be heard.

2. In light of our nation's ongoing pandemic and effective November 30, 2020, the Kentucky Supreme Court ordered that all proceedings occur remotely.[1] Amended Order 2020-71, B.1.

3. For months, the Jefferson District Court has been sending instructions to people facing eviction explaining how to appear remotely at their Zoom Eviction Hearings. The Court told people to appear by calling 1-888-822-7517 to appear at their Zoom Eviction Hearing.

4. Effective last Monday, the Jefferson District Court changed the number to call to appear at Zoom Eviction Hearings. Now, people facing eviction were supposed to appear in Court by calling a different number—312-626-6799—and using a different access code.

5. Nobody has told the people facing eviction that the location[2] of their Zoom Eviction Hearings have changed.

---

[1] While creating an all-remote policy, the Kentucky Supreme Court's Order allows in-person hearings for a list of exceptional types of cases. The Order did not include forcible detainer (eviction) actions on the list of proceedings that courts can conduct in person. Amended Order 2020-71, B.2.

[2] When eviction proceedings are entirely remote, changing the phone number to call to access a Zoom Eviction Hearing is the online analog to changing the physical location of the hearing.

6. As a result of the Court's decision to change the number needed to appear at their Zoom Eviction Hearing, on January 27, 2020 named Plaintiffs had judgments of eviction entered against them despite following the instructions the Court provided to them with their eviction paperwork.

7. Despite the cursory treatment forcible detainer actions receive in Jefferson District Court (which schedules no more than 30 eviction cases per hour, three hours a day, four days a week), people facing eviction still have the right to Due Process under the United States Constitution. "[In evictions,] the Due Process Clause does prescribe a constitutional minimum: 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action* **and afford them an opportunity to present their objections**."[3]

8. The Jefferson District Court's decision to change—with *no notice* to people facing eviction—the way people must appear at their Zoom Eviction Hearing violates the basic right to due process guaranteed to people facing eviction by the United States Constitution.

## Parties

9. Named Plaintiff Toni Floyd is an adult individual who resides in and is domiciled in Louisville, Jefferson County, Kentucky.

10. Named Plaintiff Cheri Nicholson is an adult individual who resides in and is domiciled in Louisville, Jefferson County, Kentucky.

11. Defendant, Judge Anne Haynie, is sued in her official capacity. As Chief Judge of the Jefferson District Court, Judge Haynie is responsible for administering the business of the Court, including publishing "the times and places assigned for hearing the various types of court business and any special calendaring requirements adopted by the court for such hearings." SCR 1.040 (3)(a). **Exhibit 1.**

---

[3] *Greene v. Lindsey*, 456 U.S. 444, 449-450 (1982) quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (italics in original, bold added).

12. Additionally, it is Judge Haynie's responsibility to:
    - "supervise the administrative business of the court and have general direction and supervision of the nonjudicial personnel assigned to that court," (SCR 1.040(3)(g))
    - Prepare local rules of court (SCR 1.040(3)(g)), and
    - "Call such meetings of the judges as may be necessary." SCR 1.040(3)(e)
13. Throughout the course of the pandemic, Judge Haynie has issued Orders regarding court administration and is responsible for creating policies and practices related to all aspects of the Jefferson District Court's business, including forcible detainer (eviction) practice and process.
14. Ultimately, it is Defendant's responsibility to ensure that the information and documents prepared by the Jefferson District Court regarding the time and place of a person's hearing are accurate and comply with the basic notice requirements guaranteed by the United States Constitution.

## Jurisdiction and Venue

15. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4).
16. Venue lies within this District pursuant to 28 U.S.C. § 1391(b).

## Facts

**The Court's Pandemic-Era Eviction Processes**

17. Until very recently, the Jefferson District Court provided the phone number and other information a person facing eviction will need to appear at their Zoom Eviction Hearing by including a page with the "Eviction Notice" paperwork the Sheriff serves to notify a person of the time and place of their eviction hearing. Copies of the information Plaintiffs Floyd and Nicholson received from Jefferson District Court are attached at **Exhibit 2** and **3**, respectively.



The information Plaintiff Nicholson received from the Court.

18. Despite the Kentucky Supreme Court's Order to conduct all eviction proceedings completely remotely since November 30, 2020, the "Eviction Notice" itself (the first page presented to people facing eviction) still lists the physical courtroom (308) as the "location" of the hearing.

19. If people facing eviction do not appear at their first (and only) Zoom Eviction Hearing, the Court enters a default judgment against the person renting their home.[4] This judgment instructs the person to vacate their home within seven days.

---

[4] Forcible detainer actions in Kentucky are intended to be summary proceedings. Despite the ever-increasing short- and long-term consequences for Kentuckians facing eviction, the legislature has not updated landlord-tenant law in 40 years. As such, the reality for most Kentuckians is they have one shot to appear, present evidence, and defend themselves from eviction, seven days to appeal a Court's decision, and (absent paying money they almost by definition do not have) no chance of staying the enforcement of a judgment of eviction. That is, almost every tenant will be set-out from their home, even while an appeal is pending.

In 2016, before a novel and deadly coronavirus raised the stakes for Kentuckians facing eviction even higher (now they risk losing their home, their kid's school, their place of worship, their one sanctuary from a deadly virus), the Kentucky Supreme Court observed that our forcible detainer practice is out-of-step with the interests at stake in eviction cases: "Nevertheless, we cannot fail to note that the current statutory scheme for forcible entry and detainer as described above originated many, many decades ago and has arguably become ill-suited and impractical for application to modem property practices. The statutory procedure for the adjudication of forcible entry and detainer issues is ill-suited to the modern court system." *Shinkle v. Turner*, 496 S.W. 418, 423 (Ky. 2016).

20. The information provided by the Jefferson District Court instructing the person facing eviction to call 1-888-822-7517 and use Conference Code 8166701#, does not provide the homerenter with notice that the information to access the hearing may change. Nor does it provide the homerenter with the Court's website.

21. It does, at least, say, "If you do not have a reliable phone or computer, or have trouble, email JeffCoEvictionsContact@kycourts.net or call the Circuit Court Clerk's Civil Division at 502-595-4475."

22. While the information the Jefferson District Court provided to Plaintiffs with the eviction paperwork provides the homerenter with no information about how or why they might want to visit the Jefferson District Court's website, the Court provides information about accessing Zoom eviction hearings in three other ways (for people with the knowledge of and resources to access this information).

23. The Court provides information about accessing Zoom Eviction Hearings on Courtnet, the Court's public-facing docketing and case information software platform and in two places on its website, jeffersondistrictcourt.com.

24. If a person facing eviction next week had the knowledge, time, and resources to know that Courtnet exists and know that they could access case information on Courtnet, they might find their case on Courtnet. The instructions for how to appear at their one-shot Zoom Eviction Hearing would (as of Saturday, January 30th) instruct them to call 1-888-822-7517 and use Conference Code 8166701# to access their Zoom Eviction Hearing. See Plaintiff Nicholson's case on Courtnet at **Exhibit 4** for an example of the information provided to people with Zoom Eviction Hearings last week.

> **PRETRIAL CONFERENCE** scheduled for **01/27/2021 10:01 AM** in room **308** with **HON. JENNIFER LEIBSON**
> COURT IS BEING HELD VIA ZOOM OR TELEPHONE. NO IN-PERSON HEARINGSJO IN BY VIDEO: ZOOM MEETING ID: 768 007 6102PASSWORD: HOJ308JOIN B Y PHONE: DIAL 1-888-822-7517 CONFERENCE CODE: 816670# SCHED DATE: 01
>
> **Super Memo**
> 01/27/2021 ATTY PRESENT AP BE NZ, JOHN R., BENZJ ; DEF N OT PRESENT CIVIL COURT FINDING J UDGMENT COURT TRIAL ADD DOCUMENT JUDGMENT FOR PLAINTIFF INFORCIBLE ENTRY & DETAINER - GUILTY 01/27/2021

25. Starting on June 15, 2020, the Jefferson District Court began conducting eviction hearings via Zoom. The Court provides specific information on its website explaining how people facing eviction can show up to their Zoom hearing. From the Court's homepage (jeffersondistrictcourt.com), the eviction-specific instructions, "Eviction Court Practices and Procedures: addendum to the General Order"[5] can be found under "Amended General Order Reopening Courts" link[6].

26. This Order instructs people to appear at their Zoom Eviction Hearing by phone by calling 1-888-822-7517 and use Conference Code 8166701# to access their Zoom Eviction Hearing.

27. The Jefferson District Court also provides information about accessing Zoom Eviction Hearings under the link "Remote Court Information".

28. From about September 26, 2020 until January 19th, 2021,[7] the Jefferson County District Court's "Remote Court Information" page told people[8] to call 1-888-822-7517 and use Conference Code 816670# to appear at their Zoom Eviction Hearing. See **Exhibit 6**.

29. At some point, officials responsible for the administration of the Jefferson County District Court (Defendants) made the decision to change the phone number for the Court's Zoom Eviction Hearings. This change was effective Monday, January 25th, 2021.

30. Instead of calling 1-888-822-7517 and using Conference Code 816670# to appear at their hearing, people facing eviction were now supposed to call 312-626-6799 and use access code 789 335 2944 to appear at their summary eviction proceeding.

31. Nobody told the people facing eviction about this change.

---

[5] Attached as Exhibit 5 and available online at https://jeffersondistrictcourt.com/wp-content/uploads/2020/06/EvictionCtWebsiteNotice.pdf

[6] https://jeffersondistrictcourt.com/general-order-to-establish-local-rules-and-protocol-for-reopening-jefferson-district-court/

[7] Counsel used The Wayback Machine at archive.org to access the "change history" of the Jefferson County District Court's "Remote Court Information" webpage, https://jeffersondistrictcourt.com/remote-court-information/

[8] People who knew about the website and who found the page, that is.

32. Nobody told the people facing eviction that the information about how to appear at their one-shot, all-remote Zoom Eviction Hearing hearing location *might* change.

33. On or about January 19th, the Jefferson County District Court updated its "Remote Court Information" page with new instructions for people with hearings on January 25th or after. The new page (**Exhibit 7**) instructed visitors to call 312-626-6799 and use access code 789 335 2944.

34. Nobody told the people facing eviction about this website.

35. To summarize:

| Location of Information about Appearing at a Zoom Eviction Hearing | Number/Access Code Provided | Information Provided with Summons | Is this Information Correct for People Appearing in Court beginning January 25th? |
|---|---|---|---|
| Notice provided by Court with Summons | 1-888-822-7517; Conference Code 816670# | ✓ | ✗ |
| Courtnet | 1-888-822-7517; Conference Code 816670# | ✗ | ✗ |
| "Eviction Court Practices and Procedures" at Court's website | 1-888-822-7517; Conference Code 816670# | ✗ | ✗ |
| "Remote Court Information" at Court's website (as updated on January 19th) | 312-626-6799; Access Code 789 335 2944 | ✗ | ✓ |

36. The Jefferson District Court recently changed the information it provides to people facing eviction about how to appear at their remote Zoom Eviction Hearing. This new notice does not provide the actual Zoom login information, Zoom telephone number, or Zoom access code to people facing eviction. Instead, it tells people "Remote court attendance is mandatory" and provides the court's homepage to "find your remote courtroom information." See **Exhibit 8**.



The information the Jefferson District Court currently includes with forcible detainer summonses.

37. Unlike the previous document that Plaintiffs received, this new document does not provide the telephone number of the clerk's office to call in case a person does not have a reliable phone or computer or has "trouble".

38. Unlike the previous document, the Jefferson District Court provides people facing eviction with *no information* about how to appear for their Zoom Eviction Hearing and instead assumes a person facing eviction has access to the internet when state officials estimate that roughly 5% of Kentucky's children "do not have internet access at their homes or do not live near places with internet access."[9]

**Plaintiff Toni Floyd**

39. On January 27th, Ms. Toni Floyd prepared to appear at her 9:00 a.m. Zoom Eviction Hearing.

---

[9] "Kentucky's digital divide is a challenge for kids trying to learn in cities, rural towns," Courier-Journal, October 12, 2020, at https://www.courier-journal.com/story/news/education/2020/10/12/thousands-of-kentucky-students-lack-internet-access/5643679002/

Whatever the percentage of Kentuckians who lack access to the internet, certainly, the percentage is higher among people who are facing eviction in a pandemic. It simply cannot be the case that *requiring* a person to access a website and navigate to another page on the website and sift through various court login and access code information to *discover* the information they need to appear at their Zoom Eviction Hearing is constitutionally adequate notice when so many obvious, easy alternatives can be made to improve the information the Jefferson County District Court is providing to people facing eviction. The new information provided by the Court is actively *worse* than the old information, more openly hostile to people facing eviction.

40. Ms. Floyd is a resident of Jefferson County. Until she was laid off in December 2020 after an extended illness, Ms. Floyd worked in security for the last year and a half. Because of extended illness (unconfirmed COVID infection and other non-COVID conditions) and logistical challenges created by loss of rideshares and cutbacks in TARC service, Ms. Floyd was only able to work sporadically from March to December 2020.

41. She has applied for unemployment insurance and has been "under review" for a month and a half.

42. She has two children, a son (12) and a daughter (2). They both live with her in home she rents.

43. Ms. Floyd's landlord filed a forcible detainer action against her on January 8th and the Jefferson District Court scheduled her Zoom Eviction Hearing nineteen days into the future, January 27th.

44. Ms. Floyd learned about the CDC's Order that protects people from eviction for nonpayment of rent during our ongoing pandemic. She reviewed and signed the required Declaration and sent it to her landlord via certified mail on January 22, 2021.[10] See **Exhibit 9**.

45. Tracking information available at USPS.com indicates that USPS attempted to deliver Toni's Declaration on January 26th, the day before her eviction hearing and that her landlord picked up the certified letter at 11:07 the following day, January 27th. See **Exhibit 10**.

46. The notice the Jefferson District Court provided to Ms. Floyd instructed her to appear at her Zoom Eviction Hearing by calling 1-888-822-7517 and using Conference Code 816670#. So, at 8:56 a.m., Ms. Floyd called 1-888-822-7517. She was told by a recorded voice that the host had not yet started the meeting.[11]

---

[10] People facing eviction can learn about the CDC's eviction protections and review, sign, and send the required "Declaration" to their landlords at HomerenterDeclaration.org. The app works nationwide. Currently, the protections last until March 31.

[11] All of these calls and their times are reflected in Plaintiff Floyd's Phone Records at **Exhibit 11**.

47. After about 10 minutes of waiting for the host to start the meeting, she was disconnected from the call. She called back into the 1-888-822-7517 number at 9:06 a.m.

48. After waiting for about two more minutes for the Court to admit her into her 9:00 a.m. Zoom eviction hearing, Ms. Floyd decided to call the phone number provided in the notice in case people had "trouble" with the Zoom Eviction Hearing. The person she spoke with at the Jefferson Court Clerk's Office told her that "If it's saying the host wasn't there, then court hasn't started" and instructed Ms. Floyd to call back into her Zoom Eviction Hearing and wait.

49. The person Ms. Floyd spoke with did not tell her the Jefferson District Court had changed the number to call to appear at her Zoom Eviction Hearing on Monday.

50. The person Ms. Floyd spoke with did not tell her the new number to use (312-626-6799) to appear at her Zoom Eviction Hearing.

51. Ms. Floyd followed the Court's instructions and again called 1-888-822-7517 at 9:12 a.m. and waited on hold for another 8 minutes, waited for the host to start the meeting.

52. At 9:18, a Jefferson County Court clerk called Ms. Floyd and informed her that she could find the number to appear at her Zoom Eviction Hearing at the Court's website, [jeffersondistrictcourt.com](jeffersondistrictcourt.com). The person who called Ms. Floyd did not provide the new number (312-626-6799) on the phone call or any additional instructions for how to appear for her Zoom Eviction Hearing.

53. After looking up the phone number on [jeffersondistrictcourt.com](jeffersondistrictcourt.com), Ms. Floyd attempted to appear at her Zoom Eviction Hearing at at 9:23 and again at 9:24. However, she did not realize that she needed to enter the courtroom number as the password.

54. Ms. Floyd called the Jefferson Clerk's Office back at 9:26 and was told that she was calling the wrong number. The Court clerk explained that she needed to "look for the 502 number" on the Court's "Remote Court Information" page.

55. Ms. Floyd found the only 502 number on the "Remote Court Information" page and called it (502-709-7338) twice. That number, which a judge explained to her when she appeared in

the District Court's arraignment docket, is for appearing for an arraignment. At 9:33 a.m., that judge told Ms. Floyd she was in Room 108 and that she needed to enter Room 308 as the password when she called 312-626-6799 and that she would inform the judge presiding over Zoom Eviction Hearings that Ms. Floyd was trying to appear for her hearing.

56. At 9:34 a.m., Ms. Floyd appeared at her Zoom Eviction Hearing for 3 minutes and 23 seconds. Judge Liebson told Ms. Floyd that her case had already been called, that judgment had already been entered, and to be in touch with her landlord.[12] Judge Liebson told Ms. Floyd that Legal Aid Society was listening to the call and asked Ms. Floyd to provide LAS with her name and phone number. Judge Liebson said someone from LAS would contact her, but to contact Legal Aid Society if she had not heard from them.

57. On Thursday, January 28th, an attorney for the Legal Aid Society filed a Motion to Set Aside the judgment in Ms. Floyd's case.

58. On Friday, January 29th, the Court granted that Motion and rescheduled the matter for a "Review" on February 25th to determine whether the parties were able to access rental assistance through Louisville Metro's rental assistance program.

**Plaintiff Cheri Nicholson**

59. On January 27th, Ms. Cheri Nicholson prepared to appear at her 9:00 a.m. Zoom Eviction Hearing.

---

[12] Counsel does not have a transcript of the Zoom Eviction Hearing at this time to provide to the Court. On January 29th, counsel contacted the Jefferson District Court's records office to get a video transcript of the 9:00 a.m. Zoom Eviction Docket from January 27th. Counsel spoke with "Gloria" who told counsel that her office had not received a copy of the recording from court admin yet ("because it was so recent"). Gloria said she would make a special request to have the recording delivered to her office. Once they received a copy, Gloria explained that her office will contact counsel for payment and mailing information. A copy of the court's eviction docket will cost $25 and the only method of delivery is via mail. Counsel asked if he could provide a link to shared folder to which the Court could upload the video transcript and was told delivery through the mail was the only method of delivery.

60. Ms. Nicholson is a resident of Jefferson County. While excruciating pain hip pain (which led to a hip replacement in November) has sidelined her, Ms. Nicholson has worked as a surgical technologist for 22 years.
61. She is the primary caregiver for her husband, the only other person who lives with her. Ms. Nicholson's husband is disabled after he broke his neck and back about six years ago.
62. Ms. Nicholson's landlord filed a forcible detainer action against her on January 6th and the Jefferson District Court scheduled her Zoom Eviction Hearing twenty-one days into the future, January 27th. See "Eviction Notice" at Exhibit
63. Ms. Nicholson attempted to appear at her Zoom Eviction Hearing on January 27, 2021.
64. She called 888-822-7517 and entered the Conference Code listed on the information provided by the Jefferson County District Court instructing her how to access the meeting.
65. A voice recording instructed Ms. Nicholson to wait for the host to start the meeting.
66. Minutes passed. The longer she waited, the more anxious she got. She decided to text her landlord who told her that court was over, the judge had ruled, and that she had seven days.
67. She called the phone number for the Jefferson District Clerk provided in the information delivered with the Eviction Hearing paperwork.
68. She spoke with woman named "Lindsey." After Ms. Nicholson explained she was trying to appear for her Zoom Eviction Hearing, Lindsey "giggled and said, 'They changed that on Monday, but they never did tell anybody.'"
69. Ms. Nicholson was finally able to appear telephonically in the Zoom Eviction Hearing, but waited until the end of the docket to speak up because "I definitely didn't want to interrupt anybody."
70. Judge Liebson explained to Ms. Nicholson that she had already entered judgment against Ms. Nicholson and to contact Legal Aid Society.
71. Later on January 27th, an attorney for the Legal Aid Society filed a Motion to Set Aside the Court's judgment. On January 29th, the Court passed the Motion for a hearing on February 5th.

**Beginning on Monday, January 25th, the Court was aware people were having difficulty appearing for Zoom Eviction Hearings because of the Court's decision to change the location of the hearings.**

72. The difficulty Ms. Floyd and Ms. Nicholson encountered on Wednesday as a result of the Court's decision to change the number to appear at Zoom Eviction Hearings was not the first time the Court learned that people were having difficulty appearing in Jefferson County District Court on the week of January 24th.

73. As indicated by "Lindsey's" comment to Ms. Nicholson, by Wednesday, January 27th, the Court knew people were having difficulty appearing for Zoom Eviction Hearings.

74. All week, Court officials spent time calling landlords' attorneys who had not appeared for their cases to inform them of the change in phone numbers. On Monday, January 24th, attorneys for the Legal Aid Society—appearing regularly in Jefferson District Court—called the 888 number and waited on hold for 30 minutes, unaware of the change in phone numbers to appear in Jefferson District Court.

75. At least two people (named Plaintiffs) appeared late to their hearings on January 27th as a result of the change. The Court took no action to vacate those judgments and reschedule the hearings for another date.

76. After days of helping landlords and landlords' attorneys appear for Zoom Eviction Hearings because of the confusion caused by the Court's decision to change the number people need to use to appear at its Zoom Eviction Hearings, the Court has taken no action to provide any actual notice of the correct information for appearing in Zoom Eviction Hearings to the people facing eviction in the coming weeks.

77. Instead of rescheduling everyone's hearings until the Court can provide the correct, updated information to people facing eviction, the Court has told those people who did manage to appear—finally—despite the incorrect information they were provided by the Court that they were too late.

78. It would be up to people facing eviction (and their legal aid attorneys if they're lucky enough to be represented) to file Motions to Set Aside, appeal judgments flowing directly from obvious due process violations, or decide simply (and dangerously) to move out and move on. Why play cards when the deck is stacked so fully against you?

79. The problem is not that the Court doesn't *know* about the problem. *The problem is that the Jefferson County District Court doesn't think obvious violations of people's most basic due process rights is actually a problem.*

**The six-hundred and forty-four (644) people facing eviction in the next two weeks do not have correct information about how to appear at their Zoom Eviction Hearings in Jefferson County District Court.**

80. Counsel has reviewed the Jefferson District Court's forcible detainer docket for the next two weeks. See Exhibit 13 for representative examples of the Court's forcible detainer docket for Monday, February 1 and Tuesday, February 2.[13]

81. The Jefferson District Court hears forcible detainer actions from Monday–Thursday each week in the 9, 10, and 11 o'clock hours. The Court has 644 forcible detainer cases docketed over the next two weeks.

82. For people facing eviction who are making their first (and potentially only) court appearance in the next two weeks, the only notice they received from the Court contained information

| DATE | # OF EVICTION HEARINGS |
|---|---:|
| FEBRUARY 1 | 103 |
| FEBRUARY 2 | 93 |
| FEBRUARY 3 | 78 |
| FEBRUARY 4 | 86 |
| FEBRUARY 8 | 70 |
| FEBRUARY 9 | 74 |
| FEBRUARY 10 | 63 |
| FEBRUARY 11 | 77 |
| **TOTAL** | **644** |

---

[13] The Jefferson District Court hears forcible detainer actions "in" Room 308. The Court's docketing system is available by going to https://kcoj.kycourts.net/dockets/, selecting "JEFFERSON FAM CRT/CIV DIS" from the dropdown list of "Counties", and selecting Courtroom 308.

the Court decided to make inaccurate when it changed the number to appear at Zoom Eviction Hearings on Monday, January 25th.

83. Similarly, for anyone facing eviction whose case is scheduled for a pretrial conference or "review", the only information the Court provided them about appearing remotely before the Court is now inaccurate.

84. Named Plaintiffs' eviction cases are still pending before the Jefferson District Court. That is, they risk an impending loss of their property flowing directly from the due process violations described in this Complaint.

## Class Allegations

85. The Named Plaintiffs bring this class action pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure on behalf of a class defined as follows:

> **All Defendants in forcible detainer actions pending before the Jefferson County District Court who received information from the Court that contains now-inaccurate information regarding how to appear at Zoom Eviction Hearings in Jefferson County District Court.**

86. The class is so numerous that joinder of all members is impractical.

87. Each week, the Court hears, on average, about 300 forcible detainer matters. Given the length of time Jefferson District Court provided the now-inaccurate Zoom information to people facing eviction (at least since September 2020, if not June of 2020), Named Plaintiffs estimate the members of the class is several thousand people.

88. There are numerous questions of law and fact common to the class including:

   a. whether the Jefferson District Court's decision to change the way litigants were to appear for Zoom Eviction Hearings without informing people facing eviction of the change violates their due process rights;

   b. whether the information provided by the District Court to people facing eviction violates the Due Process Clause because that information is either inaccurate or not "reasonably calculated, under all the circumstances, to…afford them an opportunity

    to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

  c. what processes and procedures can the Defendant use and what information can the Defendant provide that would satisfy the Due Process clause given the importance of the property interest at stake (housing in a pandemic).

89. The Named Plaintiffs' claims are typical of the members of the putative class as they each received the notice the Jefferson District Court decided to make constitutionally deficient.

90. Declaratory and injunctive relief are appropriate with respect to the class as a whole because Defendants have acted on grounds applicable to the class.

91. The Named Plaintiffs serving as class representatives will advance the interests of the absent class members.

92. The Named Plaintiffs have retained counsel experienced in civil rights and class action litigation.

## CLAIM FOR RELIEF

### Fourteenth Amendment Due Process Violation:
### Deprivation of Notice and Opportunity to Be Heard

93. Under color of state law, defendants have violated, continue to violate, and will violate the rights of Named Plaintiffs and the putative class to due process of law under the Fourteenth Amendment to the Constitution of the United States, rights that are enforceable against these Defendants pursuant to 42 U.S.C. § 1983.

94. By failing to provide adequate notice and an opportunity to be heard prior to depriving them of their property, Defendants have violated, continue to violate, and will violate the rights of Named Plaintiffs and the putative class to due process under the Fourteenth Amendment.

## Request for Relief

  WHEREFORE, Plaintiffs respectfully ask this Court to:

95. Certify this action may be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure;

96. Declare that Defendant has violated Named Plaintiffs' rights, and the rights of the class that they represent, under the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

97. Enjoin the Defendant from scheduling any hearings in forcible detainer matters pending in Jefferson District Court and order Defendant to cancel any hearings in forcible detainer actions currently scheduled until such time as the Jefferson District Court provides class members accurate and constitutionally adequate notices regarding how to appear for Zoom Eviction Hearings;

98. Enter an Order awarding the Named Plaintiffs and the class that they represent litigation costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

99. Enter an Order awarding such other and further relief as the Court deems just and proper.

Dated: February 1, 2021                                Respectfully Submitted,

/s/ Ben Carter
Ben Carter
KENTUCKY EQUAL JUSTICE CENTER
222 South First St., Suite 305
Louisville, KY 40202
502-303-4026
ben@kyequaljustice.org